UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Diana Williams,

    Plaintiff,

v.                                                                                  Case No. 2:08-cv-368

CitiMortgage, Inc.,                                                  Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

This putative class action concerns alleged misrepresentations made on the payoff statements issued by Defendant. Plaintiff asserts, against Defendant CitiMortgage, Inc. ("Citi"), claims of unjust enrichment, breach of contract, breach of contract under a third party beneficiary theory, fraud, violations of the Ohio consumer protection statutes, and violations of the federal Truth In Lending Act. Citi moves to dismiss. ECF Nos. 25, 26. For the following reasons, the Court grants Citi's motion to dismiss all of Plaintiff's claims.

## I. FACTS

The Court derives the following facts from Plaintiff's Complaint and the exhibits attached thereto. Compl., ECF No. 2.

Plaintiff in this action is Diana Williams. She is a resident of Ohio. Defendant in this action is Citi. Citi is a New York corporation with its principal place of business in Missouri. Citi specializes in the origination, purchase, receipt of assignments in, and servicing of residential home mortgages.

In July 2006, Plaintiff had a mortgage on her house located in Gahanna, Ohio.

Defendant held and serviced Plaintiff's mortgage at that time. Desirous of refinancing that mortgage, Plaintiff requested, and Defendant issued, a Payoff Statement on July 31, 2006.

The Payoff Statement provided several pieces of financial information. It stated that "PAYOFF GOOD THROUGH SEPTEMBER 1, 2006." The **"TOTAL TO PAY LOAN IN FULL"** was $133,531.25. In reaching that figure, the Payoff Statement itemized each charge as follows:

| | |
|---|---:|
| PRINCIPAL BALANCE AS OF 07/01/06 | $132,028.11 |
| INTEREST FROM 07/01/06 TO 09/01/06 AT 6.250% | $1,421.14 |
| RECORDING FEE | $32.00 |
| TOTAL SECURED BY MORTGAGE | $133,481.25 |
| FAX/ STATEMENT FEE | $50.00 |

It also listed a per diem interest payment of $22.9216.

Additionally, the Payoff Statement included several directions to the user. First, it provided the following notice, "**IMPORTANT: PLEASE REFER TO THE REVERSE SIDE OF THIS STATEMENT FOR IMPORTANT INFORMATION. THIS PAYOFF AMOUNT IS GOOD THROUGH THE DATE SHOWN ABOVE AND MAY CHANGE DUE TO ANY ACCOUNT ACTIVITY. PLEASE CALL 1-800-283-7918 TO CONFIRM THE AMOUNT PRIOR TO SENDING PAYOFF.**" The reverse side of the Payoff Statement then includes several statements. It states that "[i]nterest will continue to accrue until the date [Citi] receives your payoff funds." It also provides, "The payoff statement is calculated to the *Next Interest Due Date* to avoid any interest shortfall." Finally, it states that a "refund will be sent to the customer's address, within 30 calendar days after payoff, for any remaining escrow funds and/or additional payoff amount."

Plaintiff's refinancing transaction closed on July 31, 2006. Defendant received a disbursement from that closing on August 7, 2006 in the amount of $133,531.25. Approximately 30 days later, Defendant mailed Plaintiff a check labeled "refund of escrow" that included the excess escrow money ($1,087.44) as well as the amount of interest Plaintiff overpaid in the disbursement (about $600).

Plaintiff first filed suit against Defendant on July 30, 2007. *See* Pl.'s Reply 44 n.25, ECF No. 27. That suit was apparently voluntarily dismissed by Plaintiff. *See id*. The present suit was filed against Defendant on April 17, 2008. Compl., ECF No. 2. In her Complaint, Plaintiff asserts six counts against Defendant primarily based on the allegations that Defendant had a "practice of overstating the amount due on its payoff statements" and, as a result, Plaintiff "conferred a benefit upon [Defendant] by paying interest and fees in excess of the amounts owed." *Id.* ¶ 60, ECF No. 2. The six counts are: unjust enrichment (Count I), breach of contract (Count II), breach of contract under a third party beneficiary theory (Count III), fraud (Count IV), violations of the Ohio consumer protection statutes (Count V), and violations of the Truth In Lending Act (Count VI).

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557–58 (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### III. DISCUSSION

Defendant's initial argument in support of the dismissal of Plaintiff's claims is that

the factual predicate underlying those claims in itself is false, as demonstrated by the allegations in the Complaint and the attached document.  Def.'s Mot. Dismiss 4–8, ECF No. 31.  Because the Court agrees with Defendant that Plaintiff's claims are undermined by the facts of the case and the plain language of the Payoff Statement attached to the Complaint, the Court declines to reach the merits of the other arguments advanced by Defendants.  Defendant's motion to dismiss is therefore **GRANTED**.

Plaintiff also moves to amend her Complaint in the event the Court grants Defendant's motion to dismiss.  Pl.'s Reply 46–47, ECF No. 27.  For the reasons stated below, the motion to amend is **DENIED**.

### A.     Factual Predicate of Plaintiff's Claims

Defendant argues that the Complaint and all Plaintiff's claims should be dismissed in their entirety because the unambiguous text of the Payoff Statement attached to the Complaint contradicts the factual predicate of all of Plaintiff's claims. Defendant asserts that the claims in the Complaint rest on the proposition that the Payoff Statement misstates the amount due to pay off the loan on July 31, 2006 because the interest is calculated through September 1, 2006.  When looking at the Payoff Statement as a whole though, Defendant avers it unambiguously states that the Payoff Statement is good through September 1, 2006, explicitly discloses the interest calculation, explicitly discloses the per diem interest rate of 6.250% and the daily interest charge of $22.9216, and explains that interest will "continue to accrue until the date CitiMortgage, Inc. receives your payoff funds."  Def.'s Mot. Dismiss 15 (citing Compl. Ex. A 1–2, ECF No. 3).

Plaintiff opposes Defendant's assertion, contending Defendant engages in "selective reading of the facts," and that the Payoff Statement states "TOTAL TO PAY LOAN IN FULL" is $133,531.25 which includes interest through September 1, 2006.

In support of its argument, Defendant relies on *Larson v. CitiMortgage, Inc.*, a case factually similar to the case *sub judice*, in which the court granted the defendant's motion to dismiss all of plaintiffs' claims with prejudice because the clear and unambiguous text of the payment statement contradicted the factual predicate of the plaintiffs' claims. Case No. 08 C 5178, 2009 WL 528690 (N.D. Ill. Feb. 25, 2009) (Leinenweber, J.). In *Larson*, the plaintiffs Eric and Codi Larson owned a condominium with a mortgage held by the defendant CitiMortgage, Inc. and insured by the Fair Housing Administration. CitiMortgage provided Larson a payoff statement in connection with the mortgage. The payoff statement stated that it was good through July 1, 2008, and listed the "total to pay loan in full" as $96,160.02. It also included an itemized accounting of that figure including, (1) the principal balance as of May 1, 2008, in the amount of $95,161.20; (2) interest from May 1, 2008 to July 1, 2008 at 5.500%, in the amount of $872.32; (3) an FHA premium, in the amount of $121.50; and (4) a fax/statement fee, in the amount of $5.00. The reverse side of the payoff statement included, *inter alia*, instructions regarding the calculation of interest, a telephone number to contact the defendant for an update of the payoff amount, specific instructions the payoff of FHA or non-FHA loans, and a statement that any overpayment would be refunded within thirty days of the payoff. On May 29, 2008, the Larsons sold the condominium unit and closed their loan. The day after the closing, May 30, 2008, CitiMortgage received from the Larsons $96,160.02, the amount listed in

the Payoff Statement calculated through July 1, 2008.

The Larsons then filed a class action law suit alleging CitiMortgage charged excessive interest on FHA-insured and other mortgage loans, in violation of federal and state law. Plaintiffs brought claims on behalf of two classes of borrowers who contracted with CitiMortgage: (1) all FHA loan borrowers; and (2) all mortgage loan borrowers. The Larsons claimed that by providing a Payoff Statement with a payoff amount "good through" July 1, 2008, CitiMortgage required them to pay excess interest when they closed on the sale of their property. Although CitiMortgage ultimately returned the extra money, the Larsons claimed Citimortgage gained the benefit of having the borrower's money for an extra month. The Larsons claimed that those practices breached CitiMortgage's contracts with borrowers (the mortgage and/or note) and violated multiple statutes. They asserted federal and state law claims including breaches of contract and third-party beneficiary contract, consumer fraud, restitution, and violations of the Illinois Interest Act.

The court in *Larson* considered the payoff statement attached to the complaint when ruling on the motion to dismiss, and held that:

> The Payoff Statement on its face clearly contradicts Plaintiffs' claims that Defendant required them to pay excessive interest in order to pay their mortgage in full. The Payoff Statement was not a demand for payment for a specific amount due as of a chosen closing date, but instead was a quote for a payoff that was "good through" July 1, 2008. In the Payoff Statement, Defendant disclosed that $96,160.02 was the amount to pay of the loan in full "good through" July 1, 2008. The Payoff Statement did not list a specific payoff amount due on Plaintiffs' chosen closing date or any other date, however, it clearly disclosed the manner in which interest was to be calculated and paid in connection with the payoff of the loan.

2009 WL 528690, at *3. The court went on to find that based on the face of the

complaint and the unambiguous text of the payoff statement, the plaintiffs failed to sufficiently allege that CitiMortgage "required them or any other borrowers to pay excess interest on their mortgages." *Id.* at *4. The court granted the motion to dismiss in its entirty and dismissed all claims against CitiMortgage with prejudice.

Although the Court recognizes *Larson* is not binding precedent, the Court finds it persuasive. *See Fitzgerald v. Mallinckrodt, Inc.*, 681 F. Supp. 404, 407 (E.D. Mich. 1987) (decision from a different circuit while not binding may be persuasive) (citations omitted). Notably, in its response to this authority, Plaintiff does not offer any case with similar facts for the Court to compare. The Court can find no such contrary authority, or any authority for that matter with similar facts or allegations that offers any merit to the claims advanced by Plaintiff.

The law is clear that the Court may consider the Payoff Statement, which was attached to the Complaint as Exhibit A, in determining whether dismissal is proper. Ex. A, ECF No. 3. "[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998). *See, generally, In re Nat'l Century Fin. Enter., Inc., Inv. Litig.*, 604 F. Supp. 2d 1128, 1157 (S.D. Ohio 2009) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any [attached] exhibit . . . the exhibit prevails.")); *In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by

documents upon which its pleadings rely, or by facts of which the court may take judicial notice."). "Indeed, if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document," see *Nat'l Assoc. of Minority Contractors, Dayton Chapter v. Martinez*, 248 F.Supp. 2d 679, 681 (S.D. Ohio 2002), and is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The Court is not bound by a "party's characterization of an exhibit and may independently examine and form its own opinions about the document." *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). Thus, "[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *N. Indiana Gun & Outdoor Shows*, 163 F.3d 449 at 455.

The facts in *Larson* are nearly identical to the facts in this case and the Payoff Statements are virtually identical in their language. Plaintiff suggests that the *Larson* case is distinguishable because the plaintiff paid off an FHA-loan, rather than a conventional loan like she had. She states that FHA-loans are governed by a distinct regulatory scheme and that an FHA-loan's interest is not calculated on per diem basis. Notably, however, both the payoff statement in *Larson* and the payoff statement in this case include language regarding the payoff of conventional loans and FHA-loans. The Court fails to see how the distinction between an FHA or a conventional loan is a distinction with merit.

As in *Larson*, the Payoff Statement in this case on its face squarely contradicts Plaintiff's claims that Defendant required her to pay excessive interest in order to pay

her mortgage in full. The Payoff Statement was not a demand for payment at all, nor a demand for a specific payment due on a specific date. Instead it was a quote for a payoff amount that was good through September 1, 2006. The Payoff Statement states the per diem interest rate of 6.250% and the per day interest charge of $22.9216. It also disclosed the manner in which interest was to be calculated and paid in connection with the payoff of the loan, and informed Plaintiff that interest would accrue until the date Defendant received her payoff funds. In case of overpayment, the Payoff Statement also stated that a refund would be sent within thirty calendar days after the payoff with any remaining escrow funds.

In addition, as in *Larson*, the Payoff Statement stated that the "payoff amount is good through [September 1, 2006] . . . and may change due to account activity" and suggested that borrowers call a toll-free telephone number to "confirm the amount prior to sending payoff." Plaintiff does not allege that she called this number to determine the exact amount of money due pursuant to the terms of the mortgage on her chosen closing date.

Thus the Complaint and the unambiguous text of the attached Payoff Statement demonstrate that the Complaint is insufficiently pleaded to allege that Defendant compelled Plaintiff to pay excess interest on her mortgage or made any misrepresentations as to the payoff amount of her mortgage. Plaintiff fails to put forth factual allegations that raise "a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555–56 (2007) (internal citations omitted). The Court therefore dismisses all of Plaintiff's claims with prejudice.

**B. Leave to Amend**

Plaintiff moves to amend her Complaint should the Court deem it deficient. She does not set forth any proposed amended complaint or the proposed substance of any amended complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). However, a court "may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

Having determined that the factual predicate for all of Plaintiff's claims are void of merit because of the unambiguous text in the Plaintiff's Payoff Statement, the Court finds that allowing Plaintiff to amend her Complaint would be futile. Accordingly, Plaintiff's request to amend her Complaint is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. All claims against Defendant are dismissed with prejudice.   ECF No. 25.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT